Mr. Justice Cox
delivered the opinion of the Court:
The declaration sets out a certain contract to do work on the part of the plaintiff for the defendant, and it says that in pursuance of that contract the defendant delivered to the plaintiff a certain promissory note for $200; that when the ■said note was presented and payment demanded according to the tenor and effect thereof, the defendant did uot pay $100 of the said note, and has ever since neglected to pay the $100 balance due on said note.
The second count is:
“And for that one Fannie E. Hill, duly authorized as trustee and agent for that purpose, by the said Charles S. Hill, defendant, did make and deliver to plaintiff a certain promissory note for $100, with interest at 6 per cent, per annum until paid, dated February 18,1888, and payable at the National Bank of the Republic in the city of Washington, ninety days after the date thereof, as such trustee and agent of said Charles S. Hill; and for that the said note was duly presented at maturity and dishonored, whereby defendant was liable to pay the same, but has not done so up to the present date.”
*74 It does not aver that she was an indorser of the note, but that the note- was made by her as agent of defendant Hill. The declaration further avers that, the note not being paid by the agent, the defendant was liable to pay it. Then there are the common counts. The pleas to these two counts are, that the $200 note was paid, and that the note given by Fannie E. Iiill ivas not made by the authority of the defendant.
Now we come to the bill of exceptions. We find no dispute about the fact at all, that when the $200 note was presented for payment, it was given up and surrendered, and that $100 thereof was paid and a new note for $100-given, and that when the new $100 note was presented for payment, the defendant being absent from the city, his wife, Fannie E. Hill, delivered her note for that amount. So that the $200 note originally given was paid partly in cash and partly by a $100 note. The plea is correct, upon the proof, when it states that the $200 note was paid; and that is all that the declaration claims in the first count. If anything was not paid, it was the $100 note given in part satisfaction of it. It may be said that the note given by Mrs. Hill was void. If that was so, then it would be a failm-e to make payment as to the $100 note, which is not sued on in this action. The count is on the first note for $200. The evidence is clear that that note was satisfied and surrendered.
Now, the next question is, whether recovery can be had against the defendant, Charles S. Iiill, as principal, on the ground that the note of Mrs. Fannie E. Hill was given by her as his agent — that is the subject of the second count. The bill of exceptions states that the plaintiff offered no evidence tending to prove that the said Fannie E. Iiill was the trustee or agent of the defendant and authorized to make said note. The plea was that she was not. Of course it was incumbent on the plaintiff to show that she was his trustee or agent and authorized to make said note. The *75 certificate of the judge says that no evidence was offered on that point. So that, evidently, no recovery can be had against Charles S. Hill on this note, on the ground that it had at all, it must be in a suit against her. Then, there are the common counts. A bill of particulars was filed under the common.counts — that was simply a bill for extra work amounting to $96. The court below held that this note given by Fannie E. Hill, which was declared upon in the second count, could be considered as part of this bill of particulars under the common counts. In the first place, an answer to that is, that it was not given as one of the particulars under that count. For that reason, it was an erroneous holding. In the next place, it appears on the face of the plea and the evidence cited in the bill of exceptions, that there could not have been any recovery on that note at all. For these two reasons, there was error in holding that the amount of that note could be recovered under the common count. The verdict- was rendered for $100, the amount of this note, and the amount of the bill of particulars, $96, under the common counts. It was erroneous, therefore, so far as the $100 is concerned, but the rest may be correct. This bill for the extras may be settled by the-parties and the other may be left out.

The judgment of the court below is reversed.